UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

TYREE DUANE HARRIS,

        Case No. 3:09-cv-1190-ST

     Petitioner,

  v.

BRIAN BELLEQUE,

        FINDINGS AND RECOMMENDATION

     Respondent.

Robert A. Weppner
Law Office of Robert A Weppner
4110 SE Hawthorne Blvd., No. 127
Portland, Oregon 97214-5246

   Attorney for Petitioner

John R. Kroger, Attorney General
Andrew Hallman, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

   Attorneys for Respondent

 1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state court sentencing enhancements. Respondent has not briefed the merits of petitioner's claims and instead asserts only that petitioner's claims are procedurally defaulted and, therefore, ineligible for habeas corpus review. For the reasons set forth below, the court should decline to deny relief on the Amended Petition (docket #33) based on procedural default and should allow respondent an opportunity to address the merits of petitioner's fairly presented claims.

<u>BACKGROUND</u>

In 1995, the Multnomah County Grand Jury charged petitioner by indictment with Racketeering, three counts of Felon in Possession of a Firearm, two counts of Unlawful Use of a Weapon, Assault in the First Degree, and Attempted Murder. Respondent's Exhibit 102. The trial court granted the State's motion to dismiss one of the Unlawful Use of a Weapon counts, and a jury found petitioner guilty of all remaining counts. Respondent's Exhibit 101.

At the initial sentencing in January 1996, the trial court imposed upward departure sentences and found petitioner to be a Dangerous Offender under Oregon law. The court sentenced petitioner to 396 months on the Racketeering conviction. On the remainder of the convictions, the court sentenced petitioner to a

2 - FINDINGS AND RECOMMENDATION

series of determinate sentences totaling 238 months which were consecutive to each other, but concurrent with the Racketeering sentence.   In connection with the Assault in the First Degree Conviction (Count 6), the court found petitioner to be a Dangerous Offender and imposed a 30-year indeterminate sentence with a 130-month minimum term of incarceration.[1]   *Id.*

Petitioner filed a direct appeal raising several claims challenging his Racketeering conviction.  Respondent's Exhibit 108. On November 4, 1998, the Oregon Court of Appeals reversed the Racketeering conviction and remanded the case to the trial court for resentencing.  Respondent's Exhibit 112.

Petitioner appeared for resentencing on May 3, 1999.  The trial court dismissed the Racketeering conviction and vacated the 396-month sentence.  Respondent's Exhibit 101, p. 1.  In its Amended Judgment of Conviction and Sentence, the trial court re-imposed the original sentences on the remaining convictions. Respondent's Exhibit 101.

On June 21, 1999, petitioner filed his second direct appeal. Approximately one year later on June 26, 2000, the U.S. Supreme Court announced its decision in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), holding that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond

---

[1]   The trial court merged Count 7 (Felon in Possession) with Count 6 (Assault I) for purposes of sentencing.

3 - FINDINGS AND RECOMMENDATION

the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

In his Appellant's Brief filed after *Apprendi* was issued, petitioner included a claim that his Dangerous Offender sentence was improperly imposed under *Apprendi*. Respondent's Exhibit 117, p. 23. In response, the State argued that the *Apprendi* claim was not preserved because petitioner made no corresponding objection at trial and the "plain error" exception to Oregon's general preservation rule was not applicable. Respondent's Exhibit 118, pp. 16-17. The Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review on July 23, 2002. *State v. Harris*, 179 Or. App. 742, *rev. denied*, 334 Or. 411 (2002).

On October 14, 2002, petitioner filed for post-conviction relief ("PCR") in Umatilla County. Venue was transferred to Marion County in January 2003, and the case proceeded to trial on his Fifth Amended Petition for Post-Conviction Relief on April 18, 2006. Respondent's Exhibit 122. Petitioner raised claims of ineffective assistance of trial counsel, as well as allegations of trial court error, pertaining to the imposition of his Dangerous Offender and departure sentences. With respect to his claims of trial court error, petitioner expanded on his *Apprendi* claim in the wake of *Blakey v. Washington*, 542 U.S. 296, 303 (2004), which held that "the 'statutory maximum' for *Apprendi* purposes is the maximum

sentence a judge may impose *solely on the basis of the facts
reflected in the jury verdict or admitted by the defendant*."
(citation omitted) (emphasis in original).

The PCR trial court denied relief, deciding the claims of
ineffective assistance of counsel on their merits and concluding
that "Petitioner's claims of trial court error are barred by *Palmer
v. State of Oregon*, 318 Or. 352 (1994), *Lerch v. Cupp*, 9 Or. App.
508 (1972), and *Hunter v. Maass*, 106 Or. App. 438 (1991)."[2]
Respondent's Exhibit 143, p. 8.

On appeal, petitioner argued that his claims were not barred
by *Palmer* and that the PCR trial court erred when it declined to
apply *Apprendi* and *Blakely* to his Dangerous Offender and departure
sentences.  The Oregon Court of Appeals determined that neither
*Apprendi* nor *Blakely* could be applied retroactively in a PCR action
and that trial counsel's failure to anticipate *Apprendi* did not
constitute inadequate assistance of counsel.  It concluded:

> Thus, the post-conviction court was correct in
> dismissing the petition for post-conviction
> relief because either the *Apprendi* claim could
> have been raised and decided in the direct
> appeal of the resentencing (and was therefore
> barred under ORS 138.550(2)) or the *Apprendi*
> claim could not have been decided in that
> appeal but was sought to be applied
> retroactively in this post-conviction

---

[2]  These cases stand for the proposition that state law
generally forbids a petitioner from raising a claim in a state
post-conviction proceeding which he could have raised during
direct review.

> proceeding (contrary to *Miller* [*v. Lampert,*
> 340 Or. 1, 125 P.3d 1260 (2006)]).

*Harris v. Hill*, 227 OR. App. 346, 349, 206 P. 3d 218 (2009).

The Oregon Supreme Court denied petitioner's subsequent Petition for Review. *Id*, 346 Or. 361 (2009).

Petitioner filed his Amended Petition for Writ of Habeas Corpus on April 21, 2011, alleging two grounds for relief:

> 1. Petitioner was given an upward departure indeterminate sentence of thirty years (with 130 months mandatory incarceration) as a Dangerous Offender for Assault in the First Degree where the statutory maximum sentence for that offense was 65 months. Because this was done on facts found by the sentencing judge, not pleaded and proven to a jury beyond a reasonable doubt, this violated petitioner's Sixth and Fourteenth Amendment rights pursuant to *Apprendi* and *Blakely*; and
>
> 2. Petitioner was given upward departure sentences of twice the statutory maximum on his three convictions for Felon in Possession of a Firearm (Counts 2, 4, and 5) and his conviction for Unlawful Use of a Weapon (Count 8) based on aggravating factors found by the sentencing judge, not pleaded and proven to a jury beyond a reasonable doubt. This violated petitioner's Sixth and Fourteenth Amendment rights pursuant to *Apprendi* and *Blakely*.

Respondent asks the court to deny relief on the Amended Petition because petitioner failed to fairly present both grounds for relief to Oregon's state courts, thereby procedurally defaulting them. Respondent requests additional time to brief the

6 - FINDINGS AND RECOMMENDATION

merits of these claims in the event the court finds that petitioner did, in fact, fairly present them to the state courts.

## FINDINGS

### I. *Blakely* Claims

The claims in petitioner's Amended Petition are predicated on both *Apprendi* and *Blakely*. Because *Apprendi* was clearly decided before petitioner's direct appeal became final, it applies to his case. "Failure to apply a newly declared constitutional rule to criminal cases pending on direct review violates the basic norms of constitutional adjudication." *Griffith v. Kentucky*, 479 U.S. 314, 322 (1987); *see also Brecht v. Abrahamson*, 507 U.S. 619, 634 (1993) (noting that new decisions always have retroactive application on direct review).

*Blakely*, on the other hand, was issued in 2004 well after petitioner's direct appeals became final on August 30, 2002. *Blakely* "did more than just apply *Apprendi*; it created a new rule that was not compelled by *Apprendi* or its progeny." *Schardt v. Payne*, 414 F.3d 1025, 1035 (9th Cir. 2005). As a result, *Blakely* is not applicable to this case. *United States v. Cruz,* 423 F.3d 1119 (9th Cir. 2005). Thus, the court should deny relief on petitioner's claims predicated on *Blakely*.

### II. Exhaustion and Procedural Default Standards

Before a federal court will consider the merits, a habeas petitioner must exhaust his claims by fairly presenting them to the

7 - FINDINGS AND RECOMMENDATION

state's highest court, either through a direct appeal or collateral proceedings. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-16 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and, therefore, are not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518

U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

### III. *Apprendi* Claims

According to respondent, petitioner failed to fairly present his *Apprendi* claims during direct review because he did not preserve them at trial. Appellate review in Oregon's state courts is governed by ORAP 5.45(1) which states that "[n]o matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court. . . ." However, ORAP 5.45(1) provides an alternate procedure whereby "the appellate court may consider an error of law apparent on the face of the record." This latter provision allows the Oregon Court of Appeals to consider errors of law which are "obvious" and "not reasonably in dispute." *Ailes v. Portland Meadows, Inc.*, 312 Or. 376, 381, 823 P.2d 956 (1991). In order to invoke this plain error exception, the Oregon Court of Appeals must expressly state on the record that it is finding plain error, as well as the reasons supporting that decision. *Id* at 382.

It is clear from the record and the chronology of events that petitioner did not raise an *Apprendi* objection at his resentencing because the Supreme Court did not decide *Apprendi* until five days after he filed his second Notice of Appeal based on his

9 - FINDINGS AND RECOMMENDATION

resentencing.[3]    Thus,  he  did  not  comply,  nor  could  he,  with
Oregon's  usual  method  of  preservation  through  contemporaneous
objection  at  trial.   In  addition,  the  Oregon  Court  of  Appeals  made
no  finding  of  plain  error  when  it  affirmed  the  trial  court's
decision  without  a  written  opinion.   The  question,  therefore,  is
whether  petitioner  properly  raised  his  *Apprendi*  claim  at  the  first
opportunity,  namely  on  appeal  from  his  resentencing,  such  that  the
Oregon  Court  of  Appeals  considered  the  merits  of  the  claim.
Because  the  Oregon  Court  of  Appeals  affirmed  that  appeal  without
opinion,  its  decision  is  not  instructive  as  to  whether  petitioner's
*Apprendi*  claim  was  properly  presented  and  considered.

However,  on  the  later  PCR  appeal,  the  Oregon  Court  of  Appeals
did  issue  a  written  opinion  which  does  reference  petitioner's
*Apprendi*  claim.   It  clearly  recognized  the  unique  timing  of
petitioner's  case  with  respect  to  *Apprendi*  and  petitioner's
difficult  position  by  virtue  of  Oregon's  contemporaneous  objection
rule.   However,  it  concluded  that  petitioner's  *Apprendi*  claim
"either  could  have  been  raised  and  decided  in  the  direct  appeal  of
the  resentencing  (and  was  therefore  barred  under  ORS  138.550(2))  or

---

[3]  While  petitioner  asserts  that  he  did  raise  an  *Apprendi*
error  during  his  resentencing,  this  is  not  accurate.   He  simply
claimed  that  had  he  known  that  he  would  be  sentenced  as  a
dangerous  offender,  he  would  not  have  entered  a  guilty  plea.
Trial  Transcript  Part  B,  Volume  VII,  p.  1391.   In  addition,
petitioner's  Appellant's  Brief  stated:  "The  Defendant  was
sentenced  as  a  Dangerous  Offender.   It  does  not  appear  that
anyone  considered  the  line  of  cases  or  logic  that  resulted
in  .  .  .  *Apprendi*  .  .  .  ."   Respondent's  Exhibit  117,  p.  23.

the *Apprendi* claim could not have been decided in that appeal but was sought to be applied retroactively in this post-conviction relief proceeding (contrary to *Miller*)." *Harris*, 227 Or. App. at 349. At best, this language is inconclusive as to whether petitioner did properly present his *Apprendi* claim for the first time on direct appeal. It stated only that it "could have been raised and decided," not that it was raised and decided.

The Oregon Court of Appeals's PCR decision also rejected the proposition that trial counsel was inadequate for not raising an *Apprendi* objection at resentencing. It concluded that "counsel's failure to anticipate *Apprendi's* holding does not constitute inadequate assistance of counsel." *Harris*, 227 Or. App. at 348. Because counsel was not required to anticipate *Apprendi* with respect to an inadequate assistance of counsel inquiry, it necessarily follows that the Oregon Court of Appeals did not expect counsel to predict the future by raising an *Apprendi* objection during resentencing in order to satisfy Oregon's contemporaneous objection rule. To conclude otherwise would not only be illogical, but would also improperly prevent the application of *Apprendi* to petitioner's case during direct appeal. *See Griffith, supra.*

To be clear, this court views petitioner's presentation of his *Apprendi* claims in the first instance to the Oregon Court of Appeals after resentencing, followed by the presentation of the same claims to the Oregon Supreme Court, to be sufficient to fairly

present those issues to Oregon's state courts.     This conclusion appears to conflict with *Lalonde v. Belleque*, 05-CV-91-BR and *Nitschke v. Belleque*, 07-CV-1734-CL.[4]  Both *Lalonde* and *Nitschke* are factually similar to this case in that the petitioners in those cases were sentenced prior to *Apprendi* and proceeded to raise *Apprendi* claims for the first time on direct appeal.  However, in both instances, the Oregon Court of Appeals refused to entertain the *Apprendi* claims, citing *State v. Crain*, 177 Or. App. 627, 33 P.3d 1050 (2001), *rev. denied*, 334 Or. 76, 45 P.3d 450 (2002), *overruled on other grounds by State v. Caldwell*, 187 Or. App. 720, 69 P.3d 830 (2003) (concluding that an appellant may not challenge sufficiency of an indictment for the first time on appeal).  *Crain* involved an inmate who was sentenced prior to *Apprendi*, but was prohibited from litigating an *Apprendi* claim on appeal due to his failure to raise an appropriate objection in the trial court.  *Id* at 637.

    In contrast in this case, the Oregon Court of Appeals did not cite *Crain* when affirming the trial court's resentencing on direct review.   Respondent's Exhibit 121.   In the absence of such a citation, and given the unique procedural posture of petitioner's

_____

    [4]  The court notes that this Findings and Recommendation is consistent with *Gibbs v. Hill*, 05-CV-1639-ST, holding that where *Apprendi* was decided six weeks **prior** to sentencing, petitioner was obligated to preserve such an objection at trial in order to fairly present the issue to Oregon's appellate courts.

    12 - FINDINGS AND RECOMMENDATION

case, the court should conclude that petitioner fairly presented the *Apprendi* claims raised on direct appeal.

Even if the Oregon Court of Appeals did (or intended to) steadfastly apply Oregon's contemporaneous objection rule in petitioner's situation,"circumstances exist that render [the state corrective] process ineffective to protect the rights of the applicant," such that exhaustion of the *Apprendi* issues argued on direct appeal are excused.  28 U.S.C. § 2254(b)(1)(B).  Due to the unique circumstances of this case, the state corrective process in Oregon was ineffective to protect petitioner's rights as to his *Apprendi* claims.  He is placed in the position that he could neither raise the *Apprendi* issue on direct appeal (due to his trial attorney's failure to preserve the error at trial) and also could not raise it on his PCR appeal (because trial court error cannot be raised on direct appeal and his attorney was not ineffective by failing to preserve the error at trial).  Thus, his failure to raise his *Apprendi* claims on direct appeal should be excused from exhaustion altogether.

As a result, the court should conclude that petitioner has not procedurally defaulted the *Apprendi* claims he diligently raised to the Oregon Court of Appeals during direct review.

## <u>RECOMMENDATION</u>

For the reasons identified above, the court should DISMISS petitioner's *Blakely* claims and DENY respondent's affirmative

13 - FINDINGS AND RECOMMENDATION

defense of procedural default as to the *Apprendi* claims petitioner raised on direct appeal. Accordingly, the court should allow the State to file a brief on the merits of the *Apprendi* claims within 60 days, and set an under advisement date 15 days after the due date for the State's brief.

### SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due December 27, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will go under advisement.

DATED this 9th day of December, 2011.

s/   Janice M. Stewart

Janice M. Stewart
United States Magistrate Judge

14 - FINDINGS AND RECOMMENDATION